PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding temporary total disability benefits from October 12, 1982, up to and including May 18, 1983, wage-loss benefits from May 18, 1983, up to and including January 5, 1984, and certain medical bills.
The award of temporary total disability benefits from October 12, 1982, through October 23,1982, is reversed. The only evidence in the record is that claimant could and did work during this time period.
The award of temporary total disability benefits from March 1, 1983 (as stated by Dr. Struhl, “the end of February, beginning of March”), to May 18, 1983, is reversed. The only evidence in the record relevant to this time period is the testimony of Dr. Struhl that claimant was able to work “from the end of February, beginning *845 of March,” and his testimony on cross-examination that claimant was able to work “probably around the beginning of March.”[1] Claimant testified that he did not begin searching for work until July, 1983. It is uncontradicted in the record that claimant was 'able to work and failed to perform a work search for this time period. There is no evidence in the record to support an award of temporary total disability benefits for this time period, and such award was error.
Claimant’s uncontradieted testimony is that he began looking for work in July, 1983. There is no evidence of any work search from May 18, 1983, through July 30, 1983. Therefore, the award of wage-loss benefits for May 18, 1983, through June 30, 1983, is reversed. The remainder of the wage-loss award, from July 1, 1983, through January 5, 1984, is affirmed, as there is competent, substantial evidence in the record of a good-faith work search for this time period.
Finally, the medical bills of Dr. Struhl and Dr. Herskowitz were not properly filed, as required by Section 440.13(1), Florida Statutes. While the deputy can excuse the filing of these bills for good cause, there is nothing in the record to support a finding of good cause. Neither the fact that a claim is being contested nor the failure to provide medical care provide good cause for excusal. Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981). The award of these bills by the deputy commissioner was error and is therefore reversed.
Accordingly, the order below is affirmed in part and reversed in part.
NIMMONS and ZEHMER, JJ., and GUYTE P. McCORD, Jr. (Ret.), Associate Judge, concur.

. While Dr. Struhl testified that he discharged claimant from his care on both March 28, 1983, and May 18, 1983 (obviously conflicting testimony), this is not evidence, no matter which date of discharge is accepted, of when claimant was first able to work or first released by his doctor to look for work (as opposed to discharge from the doctor’s care) the latter not being an issue in this case.