PER CURIAM.
In this workers’ compensation ease, the finding of compensability is supported by competent substantial evidence and we affirm. The computation of average weekly wage (AWW) and the award of temporary total disability (TTD) are in error, however, and we must reverse.
The record before us suggests, contrary to the understanding of the parties and the judge of compensation claims (JCC), that appellee worked for substantially all of the 13 weeks before his injury and, accordingly, section 440.14(l)(a), Florida Statutes, would apply to the calculation of claimant’s AWW. In the event our understanding of the record is incorrect, the JCC may utilize another appropriate method to calculate AWW, but she should apprise the parties of the method chosen.
The JCC’s award of TTD benefits “beginning July 26, 1993” is, in part, erroneous. From the date of the accident, July 26, 1993, through December 15, 1993, Morris received full pay from appellant. Thus, the JCC erred in retroactively awarding TTD benefits for this period. See The Oaks v. *1241 Paulk, 557 So.2d 219, 220 (Fla. 1st DCA 1990).* From December 16, 1993, through December 31, 1993, Morris worked part time and appellant compensated him for his work. Accordingly, he was not entitled to TTD benefits for this period either. See Publix Supermarkets, Inc. v. Simpson, 478 So.2d 844 (Fla. 1st DCA 1985). In addition, because Morris testified that he returned to work on February 22,1994, the JCC erred in awarding TTD benefits after that date. On remand, the JCC may consider Morris’ entitlement to temporary partial disability benefits for the period from December 16 through December 31, 1993, and should also specifically address Morris’ employment status and eligibility for benefits after February 22, 1994. Finally, for any period in which benefits are due, appellant will be entitled to an offset for the amount of pay Morris actually received.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BARFIELD and KAHN, JJ., and SHIVERS, Senior Judge, concur.

 Although not acknowledged by the parties, Morris’ receipt of full pay would have, in any event, resulted in a zero AWW. § 440.14(2), Fla. Stat. (1993).